# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Milantoni *v.* Di Berardino, Appellant.

*Master and servant—Suit for wages—Evidence—Case for jury.*

1. In an action for wages the case is for the jury where the plaintiff testifies that she worked for sixteen months at the defendant's place of business under the direction of the defendant's manager, and with the full knowledge and approval of the defendant, although her testimony is flatly contradicted by both the defendant and his manager.

2. In such a case a judgment for the plaintiff will not be reversed because the manager was called to testify under cross-examination where the record shows that the witness was not permitted by the court to testify about anything in dispute; nor can the trial judge be convicted of error in refusing to admit in evidence the record of a suit brought by plaintiff's husband against the defendant where there is nothing in such record to throw light upon the plaintiff's own claim for wages.

Argued Oct. 17, 1914. Appeal, No. 144, Oct. T., 1913, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1910, No. 2,501, on verdict for plaintiff in case of Caterina Milantoni v. Frank Di Berardino. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for wages. Before McMICHAEL, J.

Verdict and judgment for plaintiff for $594.72. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*Frederick Fairlamb Windle*, with him *Evan B. Lewis*, for appellant.

*John N. Landber*, for appellee.

OPINION BY HENDERSON, J., February 20, 1914:

The plaintiff's action was for the wages of manual labor. The contract of employment as set up was oral as was also the testimony in support of the claim. The defendant denied that the plaintiff was ever in his service as did also the witness, Stante, called by him. The appellant alleges that there was not sufficient evidence to justify the submission of the case to the jury on the question of employment, but we cannot sustain this position. The evidence is specific that work was done by the plaintiff; that it was done under the direction of Stante with the knowledge and approval of the defendant and that Stante was the manager of the defendant's business at the place. The services were rendered during a period of about sixteen months. To have given binding instructions for the defendant or to have entered judgment non obstante veredicto in the face of the testimony would have been erroneous. The case was clearly one for the jury on the contradictory testimony offered by the plaintiff and the defendant. The first, second, third, fourth, sixth and seventh assignments are therefore overruled.

Stante was called by the plaintiff to testify as if under cross-examination. The action of the court in permitting this to be done is the subject of the fifth assignment. It is not at all clear that Stante was not interested in the business carried on at the commissary. He admits that he was a partner with the defendant in the bread business and that was one of the things about which the plaintiff was employed, as appears from the testimony

in support of the claim. But it is not necessary to dispose of the case from that point of view for the testimony introduced did the defendant no possible harm. The witness was not permitted by the court to testify about anything that was in dispute and no detriment resulted in any way to the defense. The eighth assignment includes a portion of the charge which is objected to: "in that the wording shows sympathy and partiality to the plaintiff." The part excepted to is more favorable to the defendant than the evidence called for, and the only words therein on which the exception could be based are those in which the plaintiff is referred to as "this good woman." It does not appear from the whole charge that the learned trial judge had sympathy with, or partiality for, the plaintiff. The charge is a clear statement of the position of the contending parties and a fair submission to the jury of the matter in controversy. The ninth assignment is not predicated of evidence in the case which would have warranted the court in giving the instruction suggested. The tenth assignment is not set forth as required by Rule 15. There is no designation of the parts of the charge to which exception is taken. It must, therefore, be disregarded. The record of the action of the plaintiff's husband against the defendant was not admissible as evidence. It would not have enlightened the jury as to the plaintiff's claim that she had performed work for which the defendant agreed to pay her. There was no pretense that the husband collected pay for her services or that the defendant paid for her board. The minds of the jury would have been diverted therefore from the questions in issue to a collateral controversy with which the plaintiff had nothing to do. An examination of the whole case does not disclose any error which should cause the reversal of the judgment.

The judgment is affirmed.